**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | Case No. 06 CR 346-1 |
| v. | Hon. Harry D. Leinenweber |
| **RASHOD BETHANY**, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Defendant Rashod Bethany ("Bethany") was indicted for conspiracy to distribute cocaine base and three substantive charges of distribution. The Government also filed an information alleging that Bethany had two previous drug convictions which, if proved, would lead to enhanced sentences if Bethany was found guilty on any of the four (4) counts. Each of the four (4) counts carries a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. However, if the Government proved that Bethany distributed crack cocaine then the mandatory minimum for each count would double to twenty years. A single enhancement if proved would also have the effect of doubling the mandatory minimum on each count to twenty years. Thus, if Bethany went to trial and was found guilty of distributing crack cocaine, or if the enhancement was established, his range of sentence would be between twenty years and life

imprisonment. In addition, if the Government proved any count against Bethany, a second enhancement would require a mandatory sentence of life imprisonment.

Bethany, represented by retained counsel, decided to plead guilty to Count I (conspiracy) without the benefit of a written plea agreement with the Government. However, during the plea colloquy the Government advised the Court, with Bethany concurring, that it had orally agreed, in return for Bethany's plea of guilty to Count I, the Government would move to dismiss the three substantive drug charges, it would only seek enhancement based on a single previous drug conviction rather than two, Bethany was free to argue at sentencing that the drug he distributed was not crack cocaine, and the maximum sentence to which he would be subject would be thirty years rather than life.

The Court, during the colloquy, found Bethany to be competent to change his plea to guilty. He found a factual basis to support the plea of guilty and that Bethany clearly acknowledged his guilt. He also explained the rights Bethany was giving up by pleading guilty, and explained that his sentence range would either be ten to thirty years or twenty to thirty years, depending on whether the sentencing judge found the drug Bethany distributed was or was not crack. One thing the sentencing judge failed to do was to explain to Bethany about the United States Sentencing Guidelines, about possible departure from the guidelines, and about the sentencing factors listed in 18 U.S.C. Section 3553(a). However, toward the end of the

colloquy, the judge asked all those present, including Bethany's two attorneys, if there was anything else that anyone wanted him to cover. Although the Government requested that the judge advise Bethany that he would be entitled to have an attorney representing him at a trial, no one requested the judge to discuss the sentencing guidelines, departures, or the Section 3553 factors. It is the failure to advise about the sentencing guidelines, departures, and the Section 3553 factors upon which Bethany now seeks to withdraw his plea of guilty to Count I. The Government objects to the withdrawal.

## II. DISCUSSION

It is important to note that Bethany was represented by two experienced defense attorneys who had the opportunity to request that additional information be imparted to Bethany if they thought there was any question in his mind concerning the possible sentence he might receive. The judge found that Bethany was competent and knowingly and voluntarily pleading guilty. Further the judge found that Bethany freely and clearly acknowledged his guilt as to the conspiracy count to which he was pleading guilty. Bethany does not take issue with either of these two findings by the judge. He confirmed that he had not been induced to plead guilty by any threats or misrepresentations and that his plea of guilty was completely voluntary.

### A. Rule 11

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea but before it imposes sentences if . . . the

defendant can show a fair and just reason for requesting withdrawal." Rule 11(d)(2)(B). However Rule 11 also provides that the court must inform the defendant of, and determine that he understands certain rights including the following: "in determining a sentence, the court's obligation to calculate the applicable sentencing guideline range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Rule 11(b)(1)(M). Clearly the judge failed to comply with this portion of Rule 11.

However, Rule 11 specifies that the right to withdraw a plea is not absolute, as a defendant must show a "fair and just reason" for requesting withdrawal. *United States v. Bryant*, 557 F.3d 489, 495 (7th Cir. 2009). The Seventh Circuit recognizes at least three reasons it considers "fair and just" in order to allow withdrawal: "the plea was not made voluntarily and knowingly," "actual innocence," and "legal innocence." *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). It is the "defendant's burden of proving that a fair and just reason exists, and the determination of whether a defendant has proved a sufficient fair and just reason rests within the discretion of the district court." *Bryant*, 557 F.3d at 495. Finally, Rule 11(h) provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights."

Bethany contends that the judge's failure to comply with the provisions of Rule 11(b)(1)(M) prevented him from "voluntarily and knowingly" pleading to Count I. The Supreme Court in *Boykin v.*

*Alabama*, 395 U.S. 238, 244 (1969), held that a guilty plea must involve an intentional relinquishment or abandonment of a known right or privilege. If it is not voluntary and knowing then it violates due process and is void. Bethany's argument is that, due to the failure of the judge to explain the guidelines, departures, and the Section 3553 factors, he was without knowledge of where in the range of ten (or twenty) years to thirty years his sentence was likely to fall. His brief states that:

> Mr. Bethany could have surmised that a sentence of 20 years or less was just as likely as a sentence of 30 years. Under the guidelines, Mr. Bethany would be looking at a guideline sentence of life. Hence a sentence close to the 30-year maximum is likely and a sentence of 20 years is highly unlikely.

However, the cases are legion that mere underestimating by a defendant when entering his plea does not constitute a fair and just reason to permit withdrawal of his plea. *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008) and cases cited. Shortcomings of a plea colloquy that do not involve substantial rights are to be disregarded. *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997); Rule 11(h). Bethany has failed to cite any case in which the 7th Circuit allowed a defendant to withdraw his guilty plea since the adoption of Rule 11(h). The closest case to consider withdrawal of a plea of guilty is *United States v. Padilla*, 23 F.3d 1220 (7th Cir. 1994), where the sentencing judge took pains to explain the operation of the sentencing guidelines to the defendant but neglected to advise him of the statutory minimum he was facing which would have the

effect of changing the guideline minimum. Padilla's plea agreement specified that he would receive the minimum sentence available under the guidelines. The court said that based on the "sparse record" before it, it was impossible to say that Padilla knew that a statutory minimum would likely be applicable to him which would bind the sentencing court, thus instead of receiving a sentence at the bottom of the guidelines he would receive the statutory minimum. The court felt that the failure to advise of the statutory minimum denied Padilla of knowledge that was most relevant to his decision to plead, the sentence he would receive. However, Padilla did not wish to have his plea vacated but only to be re-sentenced. The court, therefore, affirmed the sentence.

There are significant differences between *Padilla* and Bethany. First, Bethany was very adequately informed of the statutory minimums he was facing which would be dependant upon the results of the sentencing hearing to be held at a later date. He was also informed of the maximum sentence he would be facing. He was not told about the sentencing guidelines but the court would be hard pressed to give any kind of estimate because the quantity of drugs was not discussed and there was no agreement as to whether or not the case involved crack cocaine. Consequently, the best estimate of the sentence he would be facing was anywhere between the minimum and the maximum.

It is clear that Bethany had been informed sufficiently about the consequences of his plea to have made an intelligent, voluntary and knowing decision as to whether to plead guilty. He acknowledged

his guilt and was made aware that his sentence would depend upon a decision as to the nature of the drug he had distributed made at his sentencing hearing.  The Court on the record before it could not have been more forthcoming based on the reservation as to the nature of the drug.  Consequently, the failure to abide by all of the provisions of Rule 11 did not involve substantial rights.  Moreover, the Government's concessions were substantial and certain would lead one to believe that there was nothing unfair about the proceeding.

Accordingly, Bethany has not put forth any "fair and just reasons" as to why he should be allowed to withdraw his guilty plea.  The motion to withdraw his guilty plea is denied.

### III.  CONCLUSION

For the reasons stated herein, the Defendant's Motion to Withdraw Plea is denied.

**IT IS SO ORDERED.**

					_____
					Harry D. Leinenweber, Judge
					United States District Court

**DATE:** 1/24/2011